## ASH v. BOWEN.

Where a young woman makes a deed of trust and one year afterwards marries, held
in this case to be in contemplation of marriage.

A limitation by which the course of descent is broken, makes the trust an active
special trust, and should be kept alive to support the remainders.

Opinion delivered December 6th, .1873, by

· PAXSON, J. When this case was before the court upon a former occasion,
(Legal Intelligencer, vol. 30, p. 226,) we declined to make a decree upon a
judgment *pro confesso* by default for want of an appearance, and directed that
the judgment be opened and an answer put in by the defendants. This
has been done. The answer admits all the facts set forth in the bill, and
the defendants submit themselves to the order and direction of the court.

Ellen Margaretta Harland, one of the plaintiffs, in the year 1856,
executed a deed of all her estate, real and personal, to the defendants, in
trust for her sole and separate use during her natural life, with a power of
appointment by will, and in default of such appointment, then to hold
said trust estate to and for the use of her children (or child, if only one),
who shall be living at the time of her death, or to the issue of any who
may be deceased; and to her husband, the latter taking a child's share;

in default of any such child or children, then to such persons as wonld by the laws of Pennsylvania have been entitled thereto, if she, the said Ellen, had died unmarried, intestate, and without issue. The deed contains the further clause, that the trust thereby created should not cease by reason of discoverture, but should continue through the same, and during any second coverture. The said Ellen Margaretta Harland intermarried with Thos. Reeves Ash, co-plaintiff, within one year after the execution of the said deed of trust, and had by him six children, of whom three are now living.

The bill avers and the answer admits, that at the time of the execution of the said deed of trust the said Ellen was unmarried, was not in contemplation of any particular marriage, and did not know Thomas Reeves Ash, with whom she afterwards intermarried.

It was said in Wells *v.* McCall, 14 P. F. S. 215, that the creation of a trust constitutes the evidence of the fact of marriage being in the contemplation of the donor or devisor, and when this is followed within a reasonable time by consummation of the marriage, it concludes the proof. Where, as here, the settlement was made by the party herself, followed by her marriage within a year, the evidence has almost the force of an estoppel.

We are asked to strike down this trust upon the mere statement of Mrs. Ash, that she was not in contemplation of this particular marriage when the deed was executed. It is true, the trustees in their answer admit this with the other allegations of the bill. I do not, however, regard their admissions. They are not defending this case. They allowed judgment to go against them by default, and come in only because required to do so by the court. They wholly neglect to call for the proof of anything. And this, notwithstanding the fact that the said Ellen is now covert, the contingency contemplated by the trust, and the peril which she sought to protect her estate against.

If the case were doubtful, I would dismiss the bill *pro forma,* and thus compel the plaintiffs to obtain the decision of the supreme court. But I do not so regard it. Aside from the question above stated, Mrs. Ash has lost the control of her property by engrafting upon the trust a provision which limits her enjoyment of the property to a life estate, with remainder over upon failure to appoint, to her children and husband. The effect of this is to break the course of descent, and the remainder-men take as purchasers by description, and not as heirs. The rule laid down is that, when an estate for life only is given, followed by a general power of appointment and no failure to appoint, to children or to special heirs, the power to appoint will not enlarge the estate of the *cestui que trust* to a fee, and on a failure to appoint, the children or special donees in remainder take by purchase from the donor, and not by way of limitation as heirs to the *cestui que trust:* Dodson *v.* Ball, 14 P. F. S. 492.

This is not a mere separate use trust. It is a special, active trust, and must be kept alive to support the remainders. Bill dismissed.

*S. Davis Page,* Esq., for plaintiff.